IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEREDITH FRESQUEZ, § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CASE NO. 1:26-cv-105** |
| § | |
| AUSTIN CONVENTION ENTERPRISES, § | |
| INC., and ENCORE GROUP (USA) LLC, § | |
| § | |
| **Defendants.** § | |
| § | |

**DEFENDANTS AUSTIN CONVENTION ENTERPRISES, INC.
AND ENCORE GROUP (USA)'S NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1441 and 1446, Defendants, Austin Convention Enterprises, Inc. and Encore Group (USA) LLC (collectively, "Defendants"), files their Notice of Removal to the United States District Court for the Western District of Texas, on the basis of federal question jurisdiction, on separate grounds of diversity jurisdiction, and respectfully shows the following:

**I.     Procedural Background**

1.     On December 10, 2025, Plaintiff Meredith Fresquez ("Plaintiff" or "Fresquez"), filed her Original Petition in a case styled *Meredith Fresquez v. Austin Convention Enterprises, Inc., and Encore Group (USA) LLC*, pending in the 126th Judicial District Court of Travis County, Texas. *See generally* Exhibit B-1, Plaintiff's Original Petition.

2.     Plaintiff served Defendants with process on December 16, 2025.

3.     Defendants filed their Original Answer on January 12, 2026. *See* Exhibit B-2.

4.     Defendant hereby files this notice of removal within 30 days of being served with Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *Id.*

5.     All pleadings, process, orders, and other filings in the state court action are attached

to this Notice as required by 28 U.S.C. § 1446(a).

6. Attached hereto are copies of the following documents:

- Exhibit A:    Index of All Attached Documents;
- Exhibit B:    Index of State Court Pleadings;
- Exhibit B-1:  Plaintiff's Original Petition;
- Exhibit B-2:  Plaintiff's Requests for Process of Citations;
- Exhibit C:    The state court's Docket Sheet; and
- Exhibit D:    JS 44 Civil Cover Sheet and Supplemental JS 44.

## II.    Procedural Background

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. Jurisdiction based on Diversity

8. Plaintiff is an individual who is a citizen of Tennessee for purposes of federal diversity jurisdiction.

9. Defendant Austin Convention Enterprises, Inc. is a Texas nonprofit corporation, having its principal place of business in Austin, Texas, as admitted in Plaintiff's Original Petition.

10. Defendant Encore Group (USA) LLC is an Illinois limited liability company, registered to do business in Texas, with its agent for service in Texas situated in Dallas, Texas, as admitted in Plaintiff's Original Petition.

11. Defendants have not pleaded or alleged citizenship of any state other than Texas and Illinois. Defendants are citizens of Texas and Illinois for the purposes of federal diversity jurisdiction.

12. Thus, this lawsuit also is between citizens of different states, and there is complete

diversity of citizenship between Plaintiff and Defendants.

### B. The Amount in Controversy Satisfies Subject Matter Jurisdiction

13. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

14. Here, under Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's Original Petition states ". . . Plaintiff affirmatively pleads that she seeks monetary relief aggregating over $1,000,000." *See* Exhibit B-1, at ¶ 1. Thus, it is facially apparent from the petition that this matter exceeds the amount in controversy requirement set forth in 28 U.S.C. § 1332.

15. Defendants have shown by the preponderance of the evidence that Plaintiff's amount in controversy exceeds the minimal jurisdictional threshold at the time of removal.

### III.   This Removal is Procedurally Correct

16. On December 10, 2025, Plaintiff filed a lawsuit in Travis County, Texas. On December 16, 2025, served process on statutory agents for Defendants. *See generally* Ex. A; *see* Ex B.

17. "When service is effected on a statutory agent, the removal period begins when the defendant actually received the process[…]" *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Texas 1998). Thus, Defendants files this Notice of Removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).

18. Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division. *See* Exhibit B-1, at ¶¶ 8 – 9 (Stating that the plaintiff tripped and fell at the Austin Convention Center situated at 500 East 4th, in Austin Texas.).

19. Under 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

20. Promptly after Defendants file this Notice of Removal, written notice of the filing will be given to Plaintiff under 28 U.S.C. § 1446(d).

21. Promptly after Defendants file this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Travis County District Court under 28 U.S.C. § 1446(d).

22. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendants hereby remove this case to this Court for trial and determination.

        Respectfully submitted,

        GORDON REES
        SCULLY MANSUKHANI, LLP

        By: */s/ David C. Babb*
            **MICHAEL JOHN RAMIREZ**
            State Bar No. 00788238
            MRamirez@grsm.com
            **DAVID C. BABB**
            State Bar No. 24120261
            DBabb@grsm.com
            **PRESLEY L. PLUMMER**
            State Bar No. 24137121
            PPlummer@grsm.com

        2200 Ross Avenue, Suite 3700
        Dallas, Texas 75201
        Telephone:    (214) 231-4660
        Facsimile:    (214) 461-4053

        **ATTORNEYS FOR DEFENDANTS AUSTIN CONVENTION ENTERPRISES, INC. AND ENCORE GROUP (USA) LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that, on January 15, 2026, a copy of the above and foregoing instrument was electronically served on all parties and/or their counsel of record in accordance with the Texas Rules of Civil Procedure.

        */s/ David C. Babb*
        **DAVID C. BABB**